1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ANTHONY MARCELOUS KNOX, SR.

11          Plaintiff,              No. 2:09-cv-03550 FCD KJN PS

12      v.

13  THE SACRAMENTO BEE,             ORDER

14          Defendant.

15  _____/

16          Plaintiff is a state prisoner proceeding without counsel whose complaint alleges

17  claims unrelated to his incarceration (see Dkt. No. 1 at 2).[1]  Presently before the court are four

18  motions or applications filed by plaintiff:  (1) plaintiff's application to proceed in forma pauperis

19  (Dkt. No. 2); (2) plaintiff's motion for an extension of time in which to file a completed

20  application to proceed in forma pauperis (Dkt. No. 4), which plaintiff filed in response to an

21  order of this court (Dkt. No. 3); (3) plaintiff's subsequent application to proceed in forma

22

23          [1]  Plaintiff's complaint was filed on a form complaint used to assert claims under the
    Civil Rights Act, 42 U.S.C. § 1983, but plaintiff also appended a separately-drafted document
24  captioned "Civil Tort Complaint for Defamation Libel, Slander."  (See Dkt. No. 1.)  Although
    plaintiff is currently incarcerated in a California State Prison, plaintiff's complaint alleges that
25  his claim "has nothing to do with the prison administrations system."  (Pl.'s Compl. at 2.)  The
    complaint alleges claims for defamation based on alleged libel and slander by a newspaper and
26  does not allege a violation of 42 U.S.C. § 1983.

                                    1

1    pauperis (Dkt. No. 6); and (4) plaintiff's motion to amend his complaint (Dkt. No. 7).[2]  Each

2    matter is addressed below.

3              Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

4    § 1915.  As indicated in the court's January 7, 2010 order, Plaintiff's initial application to

5    proceed in forma pauperis was incomplete because it did not include "the second page of the

6    application which must contain his signature as well as the certificate portion of the request

7    which must be completed by plaintiff's institution of incarceration."  (Dkt. No. 3 at 1.)  The

8    court's order permitted plaintiff to file a completed application, which plaintiff filed on February

9    12, 2010.[3]  (Dkt. No. 6.)  Plaintiff's subsequently-filed application and declaration make the

10   showing required by 28 U.S.C. § 1915(a)(1) and (2).  (Id.)  Accordingly, his request to proceed in

11   forma pauperis will be granted.

12             Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

13   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

14   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

15   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

16   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

17   make monthly payments of twenty percent of the preceding month's income credited to

18   plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

19   the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

20   fee is paid in full.  28 U.S.C. § 1915(b)(2).

21

22        [2]  This case was referred to the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered
23   February 9, 2010 (Dkt. No. 5).

24        [3]  On January 29, 2010, Plaintiff filed a request for an extension of time seeking 30
     additional days to respond to the court's order, but the court had not acted on that request before
25   plaintiff filed a subsequent application to proceed in forma pauperis.  (Dkt. Nos. 4, 6.)  The
     undersigned deems plaintiff's subsequent application, filed February 12, 2010, timely filed and
26   will deny plaintiff's request for an extension of time as moot.

1           The determination that a plaintiff may proceed in forma pauperis does not

2   complete the required inquiry.  The court is also required to screen complaints brought by parties

3   proceeding in forma pauperis.[4]  <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d

4   1122, 1129 (9th Cir. 2000) (en banc).  The court must dismiss a complaint or portion thereof if it

5   determines that the claims alleged in the complaint are "frivolous or malicious," fail to state a

6   claim upon which relief may be granted, or seek monetary relief from a defendant who is

7   immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint "is frivolous where it lacks an

8   arguable basis in either law or fact," <u>Nietzke v. Williams</u>, 490 U.S. 319, 325 (1989), and a

9   complaint will be dismissed as "frivolous" under 28 U.S.C. § 1915(e)(2) where there is no basis

10  for the court's subject matter jurisdiction.[5]  <u>See</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th

11  Cir. 1995) (holding that a complaint is properly dismissed where it "neither identifies any

12  constitutional or statutory right that was violated, nor asserts any basis for federal subject matter

13  jurisdiction or waiver of sovereign immunity"); <u>accord</u> <u>Rodriguez v. Workers' Comp. Appeals</u>

14  <u>Bd. of the State of Cal.</u>, No. CIV S-08-2440 EFB PS, 2008 WL 5100180, at *1 (E.D. Cal. Nov.

15  25, 2008) (unpublished); <u>Hightower v. Cal. Supreme Court</u>, No. CIV 06-2941 ALA P, 2007 WL

16  2265587, at *2 (E.D. Cal. Aug. 6, 2007) (unpublished).

17          Plaintiff's form complaint alleges that The Sacramento Bee newspaper[6]

18  

---

19      [4]  "[A] complaint in a civil action in which a prisoner seeks redress from a governmental

20  entity or officer or employee of a governmental entity" is separately subject to screening pursuant
    to 28 U.S.C. § 1915A.  This provision is inapplicable to the present action because defendants
    here are not government entities.

21  

22      [5]  Aside from the prescriptions of 28 U.S.C. § 1915(e)(2), the court has an independent
    duty to ascertain whether it has subject matter jurisdiction over an action.  <u>See, e.g.</u>, <u>United</u>

23  <u>Investor Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 966-67 (9th Cir. 2004); <u>Bank Julius</u>
    <u>Baer & Co. v. Wikileaks</u>, 535 F. Supp. 2d 980, 984 (N.D. Cal. 2008).

24      [6]  Although the captions in plaintiff's form complaint and separate, appended complaint

25  only name "The Sacramento Bee" as a defendant (Dkt. No. 1 at 1, 4), the form complaint
    additionally refers to "The McClatchy Company" as a defendant that "employs" The Sacramento
    Bee (<u>id.</u> at 2).  The undersigned construes plaintiff's complaint as only asserting claims against

26  The Sacramento Bee for the purpose of screening the complaint.  If plaintiff intends to name The

1  "published an article that was untrue, slanderous, libelous, [and] defamatory about the plaintiff."[7]

2  (Compl. at 3 (emphasis omitted); see also id. at 4-5.)  Plaintiff seeks one million dollars in

3  compensatory damages for defamation, libel, slander, "irreparable damages," and "general

4  damages."  He also seeks punitive damages.  (Compl. at 3.)  The complaint, however, does not

5  state any basis for this court's subject matter jurisdiction and must, therefore, be dismissed.

6          Generally, original federal subject matter jurisdiction may be premised on two

7  bases:  (1) federal question jurisdiction, and (2) diversity jurisdiction.  District courts have

8  federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or

9  treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where

10  federal law creates the cause of action or 'where the vindication of a right under state law

11  necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v.

12  Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise

13  Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence

14  of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides

15  that federal jurisdiction exists only when a federal question is presented on the face of the

16  plaintiff's properly pleaded complaint."  Provincial Gov't of Marinduque v. Placer Dome, Inc.,

17  582 F.3d 1083, 1091 (9th Cir. 2009).  District courts have diversity jurisdiction over "all civil

18  actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

19  interest and costs," and the action is between:  "(1) citizens of different States; (2) citizens of a

20  State and citizens or subjects of a foreign state; (3) citizens of different States and in which

21  citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff

22

23  McClatchy Company as a defendant in this action, he should include that entity in the caption.

24      [7] Plaintiff's complaint also states that plaintiff previously sued The Sacramento Bee in
    Sacramento County Superior Court, referring to Case No. 34200800022967, and that the case
25  was dismissed, that plaintiff appealed the matter, and that the appeal was also dismissed.
    (Compl. at 1.)  Because plaintiff's complaint does not reveal the claims at issue in the previous
26  state court action and the nature of the dismissal, the undersigned does not address any potential
    preclusive effect that the state court action might have on the present action.

4

and citizens of a State or of different States." 28 U.S.C. § 1332.

Neither plaintiff's form complaint nor his separately appended complaint contains allegations related this court's subject matter jurisdiction.  Neither document alleges that this court has federal question jurisdiction over plaintiff's claims for defamation, libel, slander, "irreparable damages," and "general damages."  Similarly, these documents do not allege that diversity jurisdiction exists over plaintiff's claims.  Accordingly, the complaint must be dismissed.

To proceed plaintiff must file an amended complaint that asserts a basis for this court's subject matter jurisdiction.  Also, in an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b).  Furthermore, an amended complaint must be complete in itself without reference to any prior pleading.  Eastern District Local Rule 220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

It appears that plaintiff already intends to file an amended complaint, evidenced by the document he filed with the court entitled "Permission To Amend Complaint, Fed. R. Civ. Pro., Rule 15(1)(A)."  (Dkt. No. 7.)  The undersigned construes this document as a motion for leave to file an amended complaint and denies that motion as moot because (1) as noted above, plaintiff will be permitted to file an amended complaint in connection with the court's screening of his complaint; and (2) plaintiff is entitled to amend his complaint once as a matter of course, see Fed. R. Civ. P. 15(a)(1)(B).

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Plaintiff's request to proceed in forma pauperis (Dkt. Nos. 2, 6) is granted.

2.      Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

1   herewith.

2           3.      The complaint is dismissed with leave to amend.

3           4.      Within thirty (30) days from the date of this order, plaintiff shall complete

4   the attached Notice of Amendment and submit it and an amended complaint to the court.  The

5   amended complaint must bear the docket number assigned to this case and be entitled "First

6   Amended Complaint."  Failure to file an amended complaint will result in a recommendation this

7   action be dismissed.

8           5.      Plaintiff's request for an extension of time (Dkt. No. 4) is denied as moot.

9           6.      Plaintiff's motion to file an amended complaint (Dkt. No. 7) is denied as

10  moot.

11  DATED:  March 9, 2010

12

13

14                                      KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY MARCELOUS KNOX, SR.,

11          Plaintiff,                          No. 2:09-cv-3550 FCD KJN PS

12          v.

13   THE SACRAMENTO BEE,                   NOTICE OF AMENDMENT

14          Defendant.

15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed March __, 2010:

18          _____        Amended Complaint

19   DATED:

20

21                                          _____

22                                          Plaintiff

23

24

25

26

7