IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY MARCELOUS KNOX, SR.

    Plaintiff,                    No. 2:09-cv-03550 FCD KJN PS

    v.

THE SACRAMENTO BEE,             ORDER

    Defendant.

_____/

        Plaintiff is a state prisoner proceeding without counsel whose complaint alleges claims unrelated to his incarceration (see Dkt. No. 1 at 2).[1] Presently before the court are four motions or applications filed by plaintiff: (1) plaintiff's application to proceed in forma pauperis (Dkt. No. 2); (2) plaintiff's motion for an extension of time in which to file a completed application to proceed in forma pauperis (Dkt. No. 4), which plaintiff filed in response to an order of this court (Dkt. No. 3); (3) plaintiff's subsequent application to proceed in forma

---

[1] Plaintiff's complaint was filed on a form complaint used to assert claims under the Civil Rights Act, 42 U.S.C. § 1983, but plaintiff also appended a separately-drafted document captioned "Civil Tort Complaint for Defamation Libel, Slander." (See Dkt. No. 1.) Although plaintiff is currently incarcerated in a California State Prison, plaintiff's complaint alleges that his claim "has nothing to do with the prison administrations system." (Pl.'s Compl. at 2.) The complaint alleges claims for defamation based on alleged libel and slander by a newspaper and does not allege a violation of 42 U.S.C. § 1983.

1

pauperis (Dkt. No. 6); and (4) plaintiff's motion to amend his complaint (Dkt. No. 7).[2] Each matter is addressed below.

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. As indicated in the court's January 7, 2010 order, Plaintiff's initial application to proceed in forma pauperis was incomplete because it did not include "the second page of the application which must contain his signature as well as the certificate portion of the request which must be completed by plaintiff's institution of incarceration." (Dkt. No. 3 at 1.) The court's order permitted plaintiff to file a completed application, which plaintiff filed on February 12, 2010.[3] (Dkt. No. 6.) Plaintiff's subsequently-filed application and declaration make the showing required by 28 U.S.C. § 1915(a)(1) and (2). (Id.) Accordingly, his request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

---

[2] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 5).

[3] On January 29, 2010, Plaintiff filed a request for an extension of time seeking 30 additional days to respond to the court's order, but the court had not acted on that request before plaintiff filed a subsequent application to proceed in forma pauperis. (Dkt. Nos. 4, 6.) The undersigned deems plaintiff's subsequent application, filed February 12, 2010, timely filed and will deny plaintiff's request for an extension of time as moot.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis.[4] See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The court must dismiss a complaint or portion thereof if it determines that the claims alleged in the complaint are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint "is frivolous where it lacks an arguable basis in either law or fact," Nietzke v. Williams, 490 U.S. 319, 325 (1989), and a complaint will be dismissed as "frivolous" under 28 U.S.C. § 1915(e)(2) where there is no basis for the court's subject matter jurisdiction.[5] See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (holding that a complaint is properly dismissed where it "neither identifies any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction or waiver of sovereign immunity"); accord Rodriguez v. Workers' Comp. Appeals Bd. of the State of Cal., No. CIV S-08-2440 EFB PS, 2008 WL 5100180, at *1 (E.D. Cal. Nov. 25, 2008) (unpublished); Hightower v. Cal. Supreme Court, No. CIV 06-2941 ALA P, 2007 WL 2265587, at *2 (E.D. Cal. Aug. 6, 2007) (unpublished).

Plaintiff's form complaint alleges that The Sacramento Bee newspaper[6]

---

[4] "[A] complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" is separately subject to screening pursuant to 28 U.S.C. § 1915A. This provision is inapplicable to the present action because defendants here are not government entities.

[5] Aside from the prescriptions of 28 U.S.C. § 1915(e)(2), the court has an independent duty to ascertain whether it has subject matter jurisdiction over an action. See, e.g., United Investor Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004); Bank Julius Baer & Co. v. Wikileaks, 535 F. Supp. 2d 980, 984 (N.D. Cal. 2008).

[6] Although the captions in plaintiff's form complaint and separate, appended complaint only name "The Sacramento Bee" as a defendant (Dkt. No. 1 at 1, 4), the form complaint additionally refers to "The McClatchy Company" as a defendant that "employs" The Sacramento Bee (id. at 2). The undersigned construes plaintiff's complaint as only asserting claims against The Sacramento Bee for the purpose of screening the complaint. If plaintiff intends to name The

3

"published an article that was untrue, slanderous, libelous, [and] defamatory about the plaintiff."[7] (Compl. at 3 (emphasis omitted); see also id. at 4-5.) Plaintiff seeks one million dollars in compensatory damages for defamation, libel, slander, "irreparable damages," and "general damages." He also seeks punitive damages. (Compl. at 3.) The complaint, however, does not state any basis for this court's subject matter jurisdiction and must, therefore, be dismissed.

Generally, original federal subject matter jurisdiction may be premised on two bases: (1) federal question jurisdiction, and (2) diversity jurisdiction. District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009). District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff

---

McClatchy Company as a defendant in this action, he should include that entity in the caption.

[7] Plaintiff's complaint also states that plaintiff previously sued The Sacramento Bee in Sacramento County Superior Court, referring to Case No. 34200800022967, and that the case was dismissed, that plaintiff appealed the matter, and that the appeal was also dismissed. (Compl. at 1.) Because plaintiff's complaint does not reveal the claims at issue in the previous state court action and the nature of the dismissal, the undersigned does not address any potential preclusive effect that the state court action might have on the present action.

4

and citizens of a State or of different States." 28 U.S.C. § 1332.

Neither plaintiff's form complaint nor his separately appended complaint contains allegations related this court's subject matter jurisdiction. Neither document alleges that this court has federal question jurisdiction over plaintiff's claims for defamation, libel, slander, "irreparable damages," and "general damages." Similarly, these documents do not allege that diversity jurisdiction exists over plaintiff's claims. Accordingly, the complaint must be dismissed.

To proceed plaintiff must file an amended complaint that asserts a basis for this court's subject matter jurisdiction. Also, in an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Furthermore, an amended complaint must be complete in itself without reference to any prior pleading. Eastern District Local Rule 220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It appears that plaintiff already intends to file an amended complaint, evidenced by the document he filed with the court entitled "Permission To Amend Complaint, Fed. R. Civ. Pro., Rule 15(1)(A)." (Dkt. No. 7.) The undersigned construes this document as a motion for leave to file an amended complaint and denies that motion as moot because (1) as noted above, plaintiff will be permitted to file an amended complaint in connection with the court's screening of his complaint; and (2) plaintiff is entitled to amend his complaint once as a matter of course, see Fed. R. Civ. P. 15(a)(1)(B).

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dkt. Nos. 2, 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3. The complaint is dismissed with leave to amend.

4. Within thirty (30) days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit it and an amended complaint to the court. The amended complaint must bear the docket number assigned to this case and be entitled "First Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed.

5. Plaintiff's request for an extension of time (Dkt. No. 4) is denied as moot.

6. Plaintiff's motion to file an amended complaint (Dkt. No. 7) is denied as moot.

DATED: March 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY MARCELOUS KNOX, SR.,

    Plaintiff,                    No. 2:09-cv-3550 FCD KJN PS

    v.

THE SACRAMENTO BEE,          <u>NOTICE OF AMENDMENT</u>

    Defendant.
_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed March \_\_, 2010:

    _____          Amended Complaint

DATED:

                                                  Plaintiff