IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY MARCELOUS KNOX, SR.

    Plaintiff,                       No. 2:09-cv-03550 FCD KJN PS

    v.

THE MCCLATCHY COMPANY,           FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Plaintiff is a state prisoner proceeding without counsel.[1] Pursuant to this court's screening order of March 10, 2010 (Dkt. No. 8), plaintiff filed an amended complaint wherein he alleges that defendant The McClatchy Company is liable for defamation, libel, and slander based on its publication of an article that stated that plaintiff was wanted by the Sacramento Police for the alleged commission of sex crimes against women and children. (Dkt. No. 11 at 3.) For the reasons stated below, the court recommends that plaintiff's amended complaint be dismissed with prejudice, pursuant to the court's screening obligation stated in 28 U.S.C. § 1915(e)(2), for failure to allege a proper basis for this court's subject matter jurisdiction.

        This court's March 10, 2010 order dismissed plaintiff's complaint for failure to

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

assert a proper basis for the court's subject matter jurisdiction because the complaint contained no allegations addressing subject matter jurisdiction. (Dkt. No. 8.) The order set forth an overview of the general bases for federal subject matter jurisdiction and provided plaintiff with an opportunity to file an amended complaint that alleged a proper basis for the court's subject matter jurisdiction. (Id. at 4-5.)

On March, 19, 2010, plaintiff filed an amended complaint, which alleges that this court has subject matter jurisdiction over the action based on its federal question and/or removal jurisdiction. (See Dkt. No. 11.) The amended complaint alleges that "Plaintiff's complaint is grounded in defamation, libel, [and] slander," and that plaintiff "attempts to bring this matter within 'The Federal – Question Removal Statute." (Id. at 3.) It further asserts that plaintiff's right to invoke the court's federal question or removal jurisdiction "falls within the means of the equal protection and due process of laws created by the United States Constitution and the laws which govern the state of California," but plaintiff offers no allegations that defendant, a private entity, violated his equal protection or due process rights. (Id.)

As an aside, although plaintiff's original complaint named The Sacramento Bee newspaper as a defendant and contained an ambiguous reference to The McClatchy Company as a possible defendant that "employs" The Sacramento Bee, his amended complaint names The McClatchy Company as the sole defendant.[2] (Dkt. No. at 11(caption).) The amended complaint no longer contains any allegations that specifically refer to The Sacramento Bee newspaper.[3]

---

[2] The captions of plaintiff's original form complaint and separate, appended complaint only named "The Sacramento Bee" as a defendant. (Dkt. No. 1 at 1, 4.) The form complaint additionally referred to "The McClatchy Company" as a defendant that "employs" The Sacramento Bee. (Id. at 2.) The undersigned construed plaintiff's original complaint as only asserting claims against The Sacramento Bee for the purpose of screening the original complaint and stated that "[i]f plaintiff intends to name The McClatchy Company as a defendant in this action, he should include that entity in the caption." (Dkt. No. 8 at 3-4 n.6.)

[3] Plaintiff's original complaint states that plaintiff previously sued The Sacramento Bee in Sacramento County Superior Court, referring to Case No. 34200800022967, and that the case was dismissed, that plaintiff appealed the matter, and that the appeal was also dismissed.

1  (See generally id.)  The fact that plaintiff's complaint now seeks to sue a different defendant is of
2  no moment because, as discussed below, the amended complaint does not allege a proper basis
3  for this court's federal question jurisdiction or removal jurisdiction.
4        Generally, original federal subject matter jurisdiction may be premised on two
5  bases:  (1) federal question jurisdiction, and (2) diversity jurisdiction.  Relevant here, district
6  courts have federal question jurisdiction over "all civil actions that arise under the Constitution,
7  laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law
8  either where federal law creates the cause of action or 'where the vindication of a right under
9  state law necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v.
10  Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise
11  Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence
12  of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides
13  that federal jurisdiction exists only when a federal question is presented on the face of the
14  plaintiff's properly pleaded complaint."  Provincial Gov't of Marinduque v. Placer Dome, Inc.,
15  582 F.3d 1083, 1091 (9th Cir. 2009).
16        Plaintiff's amended complaint asserts that this court has federal question
17  jurisdiction over plaintiff's defamation, libel, and slander claims.  However, plaintiff's claims,
18  which are based on California Civil Code §§ 45 and 46(1), arise under the laws of the State of
19  California and not federal law.[4]  (See also Dkt. No. 11 at 4 (stating that "this civil action 'arises

---

21  (Compl. at 1, Dkt. No. 1.)  Because plaintiff's original complaint did not describe the claims at
22  issue in the previous state court action and the nature of the dismissal, the undersigned did not address any potential preclusive effect that the state court judgment might have on the present action.  (Dkt. No. 8 at 4 n.7.)
23  
24    [4] California Civil Code § 45 states: "Libel, what.  Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned
25  or avoided, or which has a tendency to injure him in his occupation."  California Civil Code § 46(1) states, in relevant part:  "Slander is a false and unprivileged publication, orally uttered, and
26  also communications by radio or any mechanical or other means which: . . .  1. Charges any

3

1  under' California laws," citing California Civil Code §§ 45 and 46(1)); see id. ("Plaintiff
2  contends that this district court does have jurisdiction over this matter by the statutes and laws
3  granted by the California Legislature under Calif. Code of Civil Procedures [*sic*], sections 45 and
4  46(1) . . . .").)  Plaintiff does not allege that a federal statute creates the claim for relief on which
5  plaintiff has sued.  Accordingly, there is no adequate basis for the court to assert federal question
6  jurisdiction.

7       Unlike his original complaint, plaintiff's amended complaint alleges that equal
8  protection and due process laws provide him with "the right" to invoke the federal question or
9  removal jurisdiction of this court.  (Dkt. No. 11 at 3:7-10.)  This does not, however, constitute an
10 allegation that the court has original jurisdiction premised on 28 U.S.C. § 1331, even if construed
11 broadly.

12      Although not required to do so in a complaint, plaintiff also cites a number of
13 cases in support of his allegation that this court has federal question jurisdiction over his
14 defamation, libel, and slander claims.  First, he cites Metabolife International, Inc. v. Wornick,
15 72 F. Supp. 2d 1160 (S.D. Cal. 1999), as supporting this court's federal question jurisdiction.
16 (Dkt. No. 11 at 4.)  However, Metabolife International addresses the mechanics of a special
17 motion to strike under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, in a
18 defamation action and does not address federal question jurisdiction or removal jurisdiction.  See
19 Metabolife International, 72 F. Supp. 2d at 1165-66.  Plaintiff also cites Kaelin v. Globe
20 Communications Corp., 162 F.3d 1036 (9th Cir. 1998), but that case involved an action removed
21 to federal court on the basis of federal diversity jurisdiction.  Id. at 1038.  Plaintiff expressly,
22 exclusively, and repeatedly premises subject matter jurisdiction here on the court's federal
23 question jurisdiction.  Similarly, plaintiff's citation to Harte-Hank Communications, Inc. v.
24 Connaugton, 491 U.S. 657 (1989), does not support his allegation of federal question jurisdiction
25 ─────────────
26 person with crime, or with having been indicted, convicted, or punished for crime . . . ."

4

because subject matter jurisdiction in that case was premised on the court's federal diversity jurisdiction. Id. at 660. Furthermore, plaintiff's citation to Selleck v. Globe International, Inc., 166 Cal. App. 3d 1123, 212 Cal. Rptr. 838 (Ct. App. 1985), is misplaced, as the plaintiff in that case pursued his claim in California state court, thus not implicating a jurisdictional inquiry in federal court.

Finally, to the extent that plaintiff is alleging that this court has federal question jurisdiction as a result of this court's removal jurisdiction, he is incorrect for several reasons. First, plaintiffs may not invoke the court's removal jurisdiction because the right to remove a case is vested exclusively in defendants. See 28 U.S.C. § 1441(a) (stating that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*" (emphasis added)); see also Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."). Second, even if plaintiff could remove this action from state court, the amended complaint contains no allegation of pending state-court litigation. Third, even if plaintiff were entitled to invoke the court's removal jurisdiction and there was a pending state-court action, there must be a basis for this court's original jurisdiction in order to remove pursuant to 28 U.S.C. § 1441. See Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563 (2005) ("[A] district court has original jurisdiction of a civil action for purposes of [28 U.S.C.] § 1441(a) as long as it has original jurisdiction over a subset of the claims constituting the action."). Accordingly, the federal removal statute does not provide a basis for this court's subject matter jurisdiction.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint (Dkt. No. 11) be dismissed with prejudice for failure to allege a proper basis for this court's federal subject matter jurisdiction; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District

1 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
2 days after being served with these findings and recommendations, any party may file written
3 objections with the court and serve a copy on all parties.  Such a document should be captioned
4 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
5 within the specified time may waive the right to appeal the District Court's order.  <u>Turner v.</u>
6 <u>Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir.
7 1991).

8 DATED:  March 23, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE